DECISION
This appeal concerns certain clerical errors that occurred for the five tax years: 2003-04 through 2007-08. The residential property is identified as Account 105095.
A case management conference was held on October 15, 2008. Participating were Jerrel B. Boag, Trustee; the subject property's grantee, Gheorghe Stroh; and Paul Chalmers, Umatilla County Assessor. The parties agreed the case would be decided based on subsequent written submissions. That was confirmed by the court's Journal Entry issued October 17, 2008. The record closed December 17, 2008.
 I. STATEMENT OF FACTS
The subject property is a single-family residence located in Umatilla County. During 1998, a new Fleetwood manufactured home was placed at the subject site, a city lot. It replaced a prior structure. Defendant made a 1999 entry on its books that changed the new structure from personal property to real property and placed it on the parent real account. However, the entry was not transferred and entered correctly on the next assessment roll. As a result, the maximum assessed value for each year was calculated incorrectly. That was a clerical error. The assessed values through the subsequent years never reflected the existence of the manufactured structure at the subject property. *Page 2 
Defendant discovered its error in 2008 and sent the required statutory notice dated May 9, 2008. Corrections and revised tax estimates were provided for the five tax years at issue.
Plaintiffs disagree with the corrections, contending that the error was not of their making. Plaintiffs' representative stated at the conference that he had no real dispute with Defendant's concluded values, but contested the action of adding any values to the rolls. Alternatively, he asked for a 50 percent reduction in taxes, an interest waiver, or a payment plan.
 II. ANALYSIS
ORS 311.205[1] is mandatory in its operation. When the Assessor discovers a clerical error, it must be corrected; there is no discretion involved.
ORS 311.205(1)(a) reads as follows:
 "The officer may correct a clerical error. A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor, * * * or which is a failure to correctly reflect the ad valorem tax records of the assessor, ** * and which, had it been discovered by the assessor * * * prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, and the information necessary to make the correction is contained in such records. Such errors include, but are not limited to, artithmetic and copying errors, and the omission or misstatement of a land, improvement or other property value on the roll."
Here, the information to correct the error was contained within Defendant's records. That is not an error in value judgment. Corrections that are not valuation judgment related include "the correction of a tax limit calculation." ORS 311.205(1)(b).
Similar results have occurred with other cases presented to this forum. See Matthews v.
 Lane County Assessor, TC-MD No 030819D (Aug 8, 2003); Suess v. LaneCounty Assessor, TC-MD No 020642F (July 30, 2002). *Page 3 
Plaintiffs also requested time to pay the total additional taxes billed. The court is without authority to order such payment plans. However, it is noted that Defendant's representative stated during the initial case management conference that Umatilla County may be able to "work with them" as to options and alternatives.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this __ day of July 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on July 15,2009. The Court filed and entered this document on July 15, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1